UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KHALEEQ A. JACKSON-BEY,

    Plaintiff,

v.                                                    CAUSE NO. 3:25-CV-362 DRL-SJF

TIBBLES, WOLF, SANDERS, MOSES, LOPEZ,

    Defendants.

OPINION AND ORDER

Khaleeq A. Jackson-Bey, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Jackson-Bey alleges that on January 21, 2025, he was brought to D-Dorm, the segregation unit at Indiana State Prison. The cell he was assigned to, D-West Cell 117, allegedly had visible blood, feces, and urine smeared all over the cell. Mr. Jackson-Bey says he asked the officer escorting him to please have the cell cleaned but was told no. After he entered the cell, he had nothing to clean the cell with. He relates that he was scared to even put his mat on the bed, but he had no choice. Mr. Jackson-Bey alleges that over the following days, every time he would see an officer, he would ask for cleaning supplies but was told no.

Mr. Jackson-Bey further alleges that when he was brought to segregation, he wasn't given any kind of soap or hygiene products to wash up with. This meant he could not wash his hands after using the bathroom or before eating meals.

After a couple of days, Mr. Jackson-Bey says he began feeling ill. Then, he alleges started throwing up several times a day. His sickness got worse and worse, and a week into it, he submitted a healthcare form for medical help. He says he was so sick that he was vomiting, getting "the runs," and had cold sweats. ECF 1 at 4. He could not hold down solid food.

Mr. Jackson-Bey alleges cleaning supplies were finally passed out six days after he was moved into his cell. But, by then, he was already extremely sick. Mr. Jackson-Bey remembers that he asked the Lieutenant Wolf, Sergeant Sanders, Sergeant Moses, and Sergeant Lopez as they walked the cellblock to let him clean his cell. Each time, he was told to stop crying and to figure it out himself. He asked the sergeants to call the captain who runs D-Dorm about his situation and was told that Captain Tibbles said for him to just deal with it. Mr. Jackson-Bey even sent Captain Tibbles a request, but the captain never responded.

Mr. Jackson-Bey further alleges that when he came to segregation, he wasn't given adequate clothing. It was the middle of winter and below freezing, with snow on the ground. But all he allegedly had was one thin blanket. He was freezing so badly that he couldn't sleep, which made his illness even more taxing. Mr. Jackson-Bey alleges the segregation unit is so old, it doesn't have proper heating and there was a huge

2

ventilation unit near his cell that was broken and allowed cold air into the dorm. On January 28—a week after he arrived—maintenance came in and covered the whole vent.

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id*. Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation, *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006).

On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. As the Seventh Circuit has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (citations, brackets, and quotations omitted); *see also Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate

3

complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference").

Giving Mr. Jackson-Bey the inferences to which he is entitled to at this stage of the case, he will be allowed to proceed against Captain Tibbles, Lieutenant Wolf, Sergeant Sanders, Sergeant Moses, and Sergeant Lopez on a conditions-of-confinement claim based on the presence of blood, feces, and urine in his cell; the lack of cleaning supplies or soap to wash his hands; and the cold temperatures with inadequate clothing and bedding.

For these reasons, the court:

(1) GRANTS Khaleeq A. Jackson-Bey leave to proceed against Captain Tibbles, Lieutenant Wolf, Sergeant Sanders, Sergeant Moses, and Sergeant Lopez in their individual capacities for compensatory and punitive damages for subjecting him to unconstitutional conditions of confinement at Indiana State Prison in the form a cell with blood, feces, and urine present and a lack of cleaning supplies or soap for washing his hands and in the form of cold temperatures and a lack of adequate clothing or bedding for about a week beginning January 21, 2025, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Captain Tibbles, Lieutenant Wolf, Sergeant Sanders,

Sergeant Moses, and Sergeant Lopez at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(4) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(5) ORDERS, under 42 U.S.C. § 1997e(g)(2), Captain Tibbles, Lieutenant Wolf, Sergeant Sanders, Sergeant Moses, and Sergeant Lopez to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

August 4, 2025                                                *s/ Damon R. Leichty*
                                                              Judge, United States District Court