UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KHALEEQ A. JACKSON-BEY,

    Plaintiff,

    v.

TIBBLES *et al.*,

    Defendants.

CAUSE NO. 3:25cv362 DRL-SJF

OPINION AND ORDER

Khaleeq A. Jackson-Bey, a prisoner without a lawyer, is proceeding "against Captain Tibbles, Lieutenant Wolf, Sergeant Sanders, Sergeant Moses, and Sergeant Lopez in their individual capacities for compensatory and punitive damages for subjecting him to unconstitutional conditions of confinement at Indiana State Prison in the form of a cell with blood, feces, and urine present and a lack of cleaning supplies or soap for washing his hands and in the form of cold temperatures and a lack of adequate clothing or bedding for about a week beginning January 21, 2025, in violation of the Eighth Amendment" [7]. The defendants filed a motion for summary judgment, arguing Mr. Jackson-Bey did not exhaust his available administrative remedies before filing this lawsuit. Mr. Jackson-Bey filed a response, and the defendants filed a reply.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.*

The defendants provide a copy of the Offender Grievance Process, Mr. Jackson-Bey's grievance records, and an affidavit from the Grievance Specialist at Indiana State Prison (ISP). During all relevant times, an Offender Grievance Process was in place at ISP and available to Mr. Jackson-Bey [20-1 at 2, 6]. The Offender Grievance Process required Mr. Jackson-Bey to complete three steps before filing this lawsuit: (1) a formal grievance; (2) a

2

Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager [*id.* 2; 20-2 at 3]. Regarding the first step, once an inmate submits a grievance "[t]he Offender Grievance Specialist must either return an unacceptable form or provide a receipt for an accepted form within ten (10) business days of receipt" [20-2 at 9]. "If an offender does not receive either a receipt or a rejected form from the Offender Grievance Specialist within ten (10) business days of submitting it, the offender shall notify the Offender Grievance Specialist of that fact (retaining a copy of the notice) and the Offender Grievance Specialist shall investigate the matter and respond to the offender's notification within ten (10) business days" [*id.*].

Mr. Jackson-Bey's grievance records show the following. On January 26, 2025, he submitted a grievance complaining he was being subjected to unsanitary conditions in his cell [20-3 at 3]. On February 7, 2025, after ten business days passed without any receipt or response to this grievance, Mr. Jackson-Bey submitted an appeal form to the grievance office stating he'd submitted a grievance on January 26 and had not received any receipt or response [20-4]. Mr. Jackson-Bey did not receive any response to this written inquiry. On February 20, 2025, he filed this lawsuit. On May 20, 2025, after Mr. Jackson-Bey filed this lawsuit, the Grievance Specialist rejected and returned Mr. Jackson-Bey's January 26 grievance, asking him to revise and resubmit the grievance to provide additional information including who he spoke to about the incident and how they responded [20-3 at 1-2]. Mr. Jackson-Bey never revised and resubmitted his grievance to provide the requested information [20-1 at 5-6].

Here, the relevant date for determining whether Mr. Jackson-Bey exhausted his available administrative remedies is February 20, 2025 – the date he filed this lawsuit. *See Mayberry v. Schlarf*, No. 3:23cv64, 2024 WL 4274856, 3 (N.D. Ind. Sept. 24, 2024). The undisputed facts show Mr. Jackson-Bey exhausted all remedies that were available to him at that time. Specifically, he submitted a relevant grievance on January 26, waited ten business days, and then submitted a written notification to the grievance office on February 7 notifying her of the lack of receipt or response to his grievance. At that point, the Grievance Specialist had ten business days to "investigate the matter and respond to the offender's notification" [20-2 at 9]. Mr. Jackson-Bey waited ten business days and, when he had not received any response from the Grievance Specialist within that ten-day timeline, he proceeded to file this lawsuit on February 20. Thus, at the time Mr. Jackson-Bey filed this lawsuit on February 20, he had exhausted all administrative remedies that were available to him, and the Grievance Specialist made any further administrative remedies unavailable by failing to issue any response to his grievance and written notification. *See Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002) (concluding an inmate has exhausted his administrative remedies "when prison officials fail to respond to inmate grievances because those remedies [have] become 'unavailable'"); *Jackson v. Esser*, 105 F.4th 948, 957 (7th Cir. 2024) ("If administrative remedies are genuinely unavailable or nonexistent because, for example, prison employees failed to respond to properly filed grievances, we consider the prisoner to have satisfied the exhaustion requirement."). Any steps the Grievance Specialist took to respond to Mr. Jackson-Bey's grievance *after* he filed this lawsuit is not relevant to the exhaustion analysis. *See Mayberry*, 2024 WL 4274856 at 3.

4

Accordingly, the undisputed facts show Mr. Jackson-Bey had exhausted all administrative remedies that were available to him when he filed this lawsuit on February 20, 2025, and the grievance office made any further remedies unavailable by failing to respond to both his grievance and his subsequent written notice. Therefore, the defendants have not met their burden to show Mr. Jackson-Bey did not exhaust his available administrative remedies before filing this lawsuit. For these reasons, the court DENIES the summary judgment motion [20].

SO ORDERED.

July 6, 2026

*s/ Damon R. Leichty*
Judge, United States District Court